UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BRANDON GOODWIN,

                Plaintiff,                Case No. 1:12-cv-829

v.                                           Honorable Robert Holmes Bell

ROBERT J. RHEAD et al.,

                Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Brandon Goodwin presently is incarcerated at the Oaks Correctional Facility. Plaintiff sues the two attorneys who represented him in the criminal matter for which he is incarcerated: Robert Rhead and Thomas Anthony. Plaintiff alleges that Defendants engaged in "wrongful, hateful, [and] incompetent" representation and improperly charged for their services. He alleges that Defendants' conduct violated the Michigan Rules of Professional Conduct and Michigan tort law. For relief, Plaintiff seeks compensatory and punitive damages.

**Discussion**

I.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more

than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Plaintiff cannot show that his court-appointed attorney acted under color of state law. In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that defense counsel perform a private, not an official, function:

> In our system[,] a defense lawyer characteristically opposes the designated representatives of the State. The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness. But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing "the undivided interest of his client." This

> is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed.

454 U.S. at 318-19 (footnotes omitted). The *Polk County* Court further held that this is true even of the state-appointed and state-paid public defender. *Id.* at 321. The Court said that, once a lawyer undertakes the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serves in a legal aid or defender program. *Id.* at 323. The Court held that, even though a public defender is paid by the state, he or she does not act under color of state law in representing the accused. *Id.* at 325. Rather, defense counsel—whether privately retained or paid by the state—acts purely on behalf of the client and free from state control. *Id*. The Sixth Circuit has adhered to the holding in *Polk County* in numerous decisions. *See, e.g., Floyd v. Cnty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) (holding that, when performing traditional functions as counsel, a public defender is not a state actor); *Powers v. Hamilton Cnty. Pub. Defender*, 501 F.3d 592, 611 (6th Cir. 2007) (same); *Harmon v. Hamilton Cnty. Court of Common Pleas*, 83 F. App'x 766, 767 (6th Cir. 2003). Accordingly, Plaintiff's attorneys do not act under color of state law, and no claim under § 1983 can be maintained against them.

Moreover, section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's challenges to the enforcement of state law therefore fail to state a claim under § 1983. Further, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over the state-law claims, the Court declines to exercise jurisdiction. In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding

state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id.* Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 129 S. Ct. 1862, 1866-67 (2009), *cited in Orton v. Johnny's Lunch Franchise,LLC*, 668 F.3d 843, 850 (6th Cir. 2012). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state-law claims will be dismissed without prejudice.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: September 14, 2012            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     UNITED STATES DISTRICT JUDGE